```
                    UNITED STATES BANKRUPTCY COURT
                   MIDDLE DISTRICT OF NORTH CAROLINA
                          GREENSBORO DIVISION

IN RE:                              )
                                    )
EBW Laser, Inc.,                    )   Case No. 05-10220C-7G
                                    )
        Debtor.                     )
                                    )
                                    )
EBW, Inc.,                          )   Case No. 05-10221C-7G
                                    )
        Debtor.                     )
                                    )
                                    )
Charles M. Ivey, III,               )
Trustee for EBW Laser,              )
Inc., and EBW, Inc.,                )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )   Adversary No. 07-2004
                                    )
James Mark McDaniel, Jr.;           )
C. Richard Epes; Nsite              )
Management, LLC; Nsite              )
Laser, LLC; Dianne M. Atta;         )
Bridget Gislimberti; and            )
Central Carolina Surgical           )
Eye Associates, P.A.,               )
                                    )
        Defendants.                 )
                                    )
```

<u>MEMORANDUM OPINION</u>

This adversary proceeding came before the court on February 19, 2008, for hearing on defendants' motion for judgment on the pleadings. Bradley E. Pearce appeared on behalf of the defendants and Edwin R. Gatton appeared on behalf of the plaintiff.

Defendants' motion was filed pursuant to Rule 7012(c) of the Federal Rules of Bankruptcy Procedure and Rule 12(c) of the Federal Rules of Civil Procedure ("Rule 7012(c)") which provide that after

the pleadings are closed, a party may move for judgment on the pleadings.[1] In their motion, which was filed after the pleadings were closed, the defendants seek judgment on the pleadings as to plaintiff's eighth, ninth, tenth and eleventh claims for relief on the ground that the plaintiff has failed to state a claim upon which relief can be granted in those claims for relief. As to the eighth claim (aiding and abetting breach of fiduciary duty), tenth claim (civil conspiracy) and eleventh claim (punitive damages), the basis for the motion is that such claims "are not recognized by North Carolina law" rather than a failure to plead sufficient facts to satisfy the requirements of Federal Rule 8(a). As to the ninth claim (claim for unfair and deceptive trade practice), the basis for the motion is that the claim "is predicated on the conclusory allegations that Atta and Gislimberti aided and abetted an alleged breach of fiduciary duty and/or were party to an alleged civil conspiracy."

    I.  Claim for Aiding and Abetting
       Breach of Fiduciary Duty

In Blow v. Shaughnessy, 364 S.E.2d 444, 447-48 (N.C. App. 1988), cert. den. 321 S.E.2d 127 (N.C. 1984), the Court of Appeals

---

[1] Pursuant to Rule 7012(h)(2), defendants are permitted to raise the defense of failure to state a claim for relief in a Rule 7012(c) motion for judgment on the pleadings. However, the distinction of seeking such a dismissal pursuant to Rule 7012(c) rather than Rule 7012(b)(6) is "one without a difference" because the same standard is applied for Rule 7012(c) motions as for motions made pursuant to Rule 7012(b)(6). Burbach Broadcasting Co. v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002).

of North Carolina recognized a cause of action for aiding and abetting breach of fiduciary duty. In doing so, the court observed that such a cause of action had been "recognized by federal courts in securities fraud cases based on violation of section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5." Id. at 447. Thereafter, in 1994, the Supreme Court ruled in Central Bank of Denver v. First Interstate Bank of Denver, 511 U.S. 164, 114 S.Ct. 1439, 128 L.Ed.2d 119 (1994), that section 10(b) liability does not extend to aiders and abetters, finding that the scope of section 10(b) is delimited by the statutory text, which makes no mention of aiding and abetting liability. While this development raises an issue as to the precedential value of Blow v. Shaughnessy, it does not mean that the Court of Appeals of North Carolina or the Supreme Court of North Carolina necessarily would reach a different result regarding the existence of a cause of action for aiding and abetting a breach of fiduciary duty in cases involving claims not derived from the Securities Exchange Act of 1934 or Rule 10b-5. In Blow the court cited with approval section 876 of the Restatement (Second) of Torts which provides for aiding and abetting liability for a person acting in concert with another if such person "knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other." 364 S.E.2d at 447-48 (quoting Restatement (Second) of Torts § 876(b)(1979)). This reliance upon section 876 is consistent with other instances

in which the North Carolina appellate courts have cited section 876 favorably or placed reliance on it. E.g., Boykin v. Bennett, 118 S.E.2d 12, 16 (N.C. 1961); Stetser v. TAP Pharmaceutical Products, Inc., 598 S.E.2d 570, 583-84 (N.C. App. 2004); McMillan v. Mahoney, 393 S.E.2d 298, 300-01 (N.C. App. 1990). In federal proceedings in which state law is controlling and there is no state law on the issue presented, the federal court "must . . . offer its best judgment about how [the] state's highest court would rule on . . . claims, giving appropriate weight to any opinions of [the] state's intermediate appellate courts." Anderson v. Sara Lee Corp., 508 F.3d 181, 190 (4th Cir. 2007), citing Food Lion, Inc. v. Capital Cities/ABC, Inc., 194 F.3d 505, 512 (4th Cir. 1999); Phipps v. Robinson, 858 F.2d 965, 968 (4th Cir. 1988). Considering the manner in which joint liability was imposed in Boykin and McMillan,[2] the general receptiveness exhibited by the appellate courts of North Carolina toward section 876 of the Restatement (Second) of Torts and the imposition of joint liability against persons who contribute to injury to others and the fact that the North Carolina case law does not appear to reflect contrary public policy considerations, it is the best judgment of this court that the Supreme Court of North Carolina would recognize a claim for aiding breach of fiduciary duty upon a showing of: (1) the

---

[2]All participants in a course of conduct that preceded injury were held liable even though the actual injury to the plaintiff was directly caused or inflicted by only one of the participants.

existence of a breach of fiduciary duty by the primary party; (2) actual knowledge of such violation by the aiding and abetting party; (3) substantial assistance by the aider and abetter in the breach of fiduciary duty by the primary party; and (4) resulting injury and damage to the plaintiff.  In accord Equitable Life Assurance Soc'y of the U.S. v. Am. Bankers Ins. Co. of Fla., No. 88-535-CIV-5-H, 1995 U.S. Dist. LEXIS 10880 at *34 (E.D.N.C. May 12, 1995).  Accordingly, defendants motion for judgment on the pleadings as to plaintiff's eighth claim for relief shall be denied.

II. Civil Conspiracy Claim

Defendants are correct that North Carolina law does not recognize a claim merely for civil conspiracy; however, it does recognize a claim for damages caused by acts carried out pursuant to a conspiracy.  Such a claim arises where there is an agreement between two or more persons to do an unlawful act or to do a lawful act in an unlawful manner and, as a result of acts done in furtherance of and pursuant to the agreement, damage occurs to the plaintiff.  See Dickens v. Puryear, 456 S.E.2d 325, 337 (N.C. 1981); Fox v. Wilson, 354 S.E.2d 737, 743 (N.C. App. 1987).  In such a case, the elements of a claim for civil conspiracy are: (1) that the defendants agreed to engage in tortious conduct; (2) that one of the defendants committed an overt tortious act in furtherance of the agreement; and (3) that the plaintiff suffered

damages from the act. See Neugent v. Beroth Oil Co., 560 S.E.2d 829, 839 (N.C. App. 2001); Nye v. Oates, 385 S.E.2d 529, 531-32 (N.C. App. 1989).

Although the court is not required to allow a claim to go forward unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief,[3] the court is required to accept the plaintiff's factual allegations as true and give the plaintiff the benefit of all reasonable inferences to be drawn from such factual allegations. See Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). A court ruling on a motion pursuant to Rule 12(b)(6) "should construe a plaintiff's allegations liberally, because the rules require only general or 'notice' pleading, rather than detailed fact pleading." 2 Moore's Federal Practice § 12.34[1][b] (3d ed. 2007). However, liberal construction has its limits and conclusory allegations or purely legal conclusions will not suffice to repel a motion to dismiss. Id. Instead, the complaint must satisfy a "'plausibility standard' . . . under which a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" Anderson v. Sara Lee Corp., 508 F.3d 181,

---

[3] Bell Atl. Corp. v. Trombly, ___ U.S. ___, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007)("The phrase [no set of facts] is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.").

188 n.7 (4th Cir. 2007)(quoting Bell Atl. Corp. v. Trombly, ___ U.S. ___, 127 S.Ct. 1955, 1968, 1974, 167 L.Ed.2d 929 (2007)). The requirement is one of substantive sufficiency under which a complaint, in order to survive a Rule 12(b)(6) motion, "must contain direct or inferential allegations pertaining to each of the material elements of the asserted claim." Alan Ides, Bell Atlantic and the Principle of Substantive Sufficiency Under Federal Rule of Civil Procedure 8(a)(2): Toward a Structured Approach to Federal Pleading Practice, 243 F.R.D. 604, ___ (2007). Applying these standards in the present case, the court concludes that the plaintiff's tenth claim states a claim for which relief can be granted.

The eighth claim includes an allegation that "the acts alleged in this Complaint were agreed to by the Defendants." The acts alleged in the eighth claim, including the allegations incorporated into that claim, include allegations that a fraudulent scheme was created and carried out by the defendants pursuant to which funds of EBW, Inc. ("EBW") were transferred to CCSEA without EBW receiving consideration for such transfers, that funds belonging to EBW were used by the defendants to pay fees to Nsite for which no consideration was received by EBW and that such transfers and payments were made while EBW was insolvent and for the purpose of hindering, delaying and defrauding creditors of EBW. The acts described by the allegations incorporated into the tenth claim also

include detailed allegations regarding the manner in which defendants McDaniel and Epes breached their fiduciary duties owed to EBW and a detailed description of the manner in which the other individual defendants aided and abetted defendants McDaniel and Epes in doing so. There is no heightened pleading requirement in a case involving civil conspiracy under which the plaintiff is required to allege the exact date of the agreement giving rise to the conspiracy or the precise location at which the agreement was made, as suggested by the defendants. The allegation in paragraph 90 of the complaint that these acts were agreed to by the defendants is sufficient to satisfy the requirement that there be an agreement among the parties alleged to be parties to a conspiracy. The tenth claim also includes allegations sufficient to allege that one or more of the defendants committed an overt tortious or wrongful act in furtherance of the agreement giving rise to the conspiracy, including the allegations regarding the transfer of funds of EBW, the payment of the allegedly fraudulent fees, the detailed itemization of the breaches of fiduciary duties, and acts that aided and abetted such breaches. At this point, the concern is not whether the plaintiff can prove a claim involving civil conspiracy, but whether the allegations in the complaint are sufficient to allege such a claim. If such allegations are sufficient to give fair notice of the nature of the claim and provide direct or inferential allegations as to each of the

material elements of the claim, the plaintiff is entitled to proceed with the claim. The court is satisfied that the allegations that form plaintiff's tenth claim satisfy these requirements. Accordingly, defendants' motion for judgment on the pleadings as to the tenth claim for relief shall be denied.

   III. Claim for Unfair and Deceptive Trade Practices

It is well settled under North Carolina law that proof of an independent tort is sufficient to make out a separate claim under the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. Gen. Stat. § 75.1-1, et. seq. See Sara Lee Corp. v. Carter, 519 S.E.2d 308, 311-12 (N.C. 1999)(finding that the breach of a fiduciary duty by an employee also gave rise to a UDTPA claim); Drouillard v. Keister Williams Newspaper Services, Inc., 423 S.E.2d 324, 326-27 (N.C. App. 1992)(violation of Trade Secrets Protection Act may also be a violation of UDTPA). Similarly, allegations in which the plaintiff alleges an independent tort as constituting an unfair and deceptive act are sufficient to allege a UDTPA claim. See Governor's Club, Inc. v. Governs Club Ltd. P'ship, 567 S.E.2d 781, 788 (N.C. App. 2002); Roane-Barker v. Se. Hosp. Supply Corp., 392 S.E.2d 663, 670 (N.C. App. 1990)(claim alleging tortious interference with contract also makes out a UDTPA violation).

Plaintiff alleges in the ninth claim that the unfair and deceptive acts of the defendants include the acts constituting the

fraudulent transfers described earlier in the complaint, the breaches of fiduciary described earlier in the complaint and the aiding and abetting of breaches of fiduciary described earlier in the complaint. The ninth claim does not consist only of conclusory allegations regarding such claims, as asserted by defendants. The tenth claim incorporates the previous allegations that specified the acts that constituted the fraudulent transfer claim, the breach of fiduciary duties claim and the aiding and abetting breach of fiduciary duties claim. All of the defendants are implicated by at least one of the claims that are specified as constituting violations of the UDTPA. As such, the allegations that form the ninth claim for relief are sufficient to state a claim for relief against all of the defendants based upon alleged violations of the UDTPA. Accordingly, defendants' motion for judgment on the pleadings as to the ninth claim for relief shall be denied.

IV. Claim for Punitive Damages

The eleventh claim for relief consists of paragraph 94 which incorporates the allegations contained in paragraphs 1 through 93 of the complaint, and paragraph 95 in which the plaintiff asserts that the actions of the defendants "were willful, wanton, malicious, reckless and in total disregard to the rights of the Debtor EBW" and that plaintiff therefore is entitled to recover punitive damages in excess of $10,000.

Defendants are correct that punitive damages do not constitute

an independent claim for relief. See Iadanza v. Harper, 611 S.E.2d 217, 223 (N.C. App. 2005). Rather, punitive damages is a type of relief or remedy that must be requested in conjunction with a cognizable underlying claim for relief. See Oestreicher v. American Nat'l Stores, Inc., 225 S.E.2d 797, 807-08 (N.C. 1976); and generally, 22 Am. Jur. 2d Damages § 551 (2003). Since there is no separate, stand-alone cause of action for punitive damages under North Carolina law, plaintiff's complaint is defective to the extent that it designates the request for punitive damages in paragraphs 94 and 95 as plaintiff's eleventh claim for relief. Accordingly, the defendants' motion shall be granted and such allegations shall be treated only as a request for punitive damages as an incident to the other claims for relief alleged in the complaint.

V. Conclusion

An order in accordance with this memorandum opinion is being entered contemporaneously with the filing of this memorandum opinion.

This 21st day of April, 2008.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST

Edwin R. Gatton, Esq.
P.O. Box 3324
Greensboro, NC 27402

Bradley E. Pearce, Esq.
401 S. Tryon Street, Suite 2600
Charlotte, NC 28202-1935

Michael D. West, Bankruptcy Administrator