UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| EBW Laser, Inc., ) | Case No. 05-10220C-7G |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| EBW, Inc., ) | Case No. 05-10221C-7G |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| Charles M. Ivey, III, ) | |
| Trustee for EBW Laser, ) | |
| Inc., and EBW, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary No. 07-2004 |
| ) | |
| James Mark McDaniel, Jr.; ) | |
| C. Richard Epes; Nsite ) | |
| Management, LLC; Nsite ) | |
| Laser, LLC; Dianne M. Atta; ) | |
| Bridget Gislimberti; and ) | |
| Central Carolina Surgical ) | |
| Eye Associates, P.A., ) | |
| ) | |
| Defendants. ) | |
| ) | |

<u>MEMORANDUM OPINION</u>

This adversary proceeding came before the court on October 21, 2008, for hearing on the plaintiff's motion for partial summary judgment.  Charles M. Ivey, III and Edwin R. Gatton appeared on behalf of the plaintiff and Bradley E. Pearce appeared on behalf of the defendants.

MATTER BEFORE THE COURT

Plaintiff's motion seeks summary judgment as to his Fourth

Claim for Relief which is based upon section 548 of the Bankruptcy Code and as to his Sixth Claim for Relief which is based upon section 549 of the Bankruptcy Code. Both of these claims are asserted against defendant Central Carolina Surgical Eye Associates, P.A. ("CCSEA"). For the reasons that follow, the court has concluded that the plaintiff is not entitled to summary judgment as to either claim.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the matters presented to the court "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056; <u>Celotex Corp v. Catrett</u>, 477 U.S. 317, 322, 106 S.Ct. 2546, 2548 (1986). In considering a motion for summary judgment, the court must construe the "facts and inferences drawn therefrom in the light most favorable to the nonmoving party." <u>Seabulk Offshore, Ltd. v. American Home Assur. Co.</u>, 377 F.3d 408, 418 (4th Cir. 2004) (citing <u>Spriggs v. Diamond Auto Glass</u>, 242 F.3d 179, 183 (4th Cir. 2001).

The party moving for summary judgment has the initial burden of proving the absence of a genuine issue of material fact based on the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any. <u>Celotex</u>, 477 U.S. at 323. Once the moving party has met its initial burden of proof, the non-moving party must then set forth specific facts sufficient to raise

a genuine issue for trial. <u>Matsushita Elect. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1356 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." <u>Anderson v. Liberty Lobby, Inc.</u>, 447 U.S. 242, 247, 106 S.Ct. 2505, 2510 (1986) (emphasis in original). The nonmoving party may not rest on its pleadings or mere assertions of disputed facts to defeat the motion; if the nonmoving party fails to do so, summary judgment may be entered against him. <u>Matsushita</u>, 475 U.S. at 586.

In determining whether to grant summary judgment, the court's role does not include weighing the evidence or making findings of fact. <u>Anderson v. Liberty Lobby, Inc.</u>, 447 U.S. at 249-50. The proper inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." <u>Id</u>. at 251-52.

DISCUSSION

Plaintiff's Fourth and Sixth Claims do not involve transfers that went directly from the Debtor to CCSEA. Instead, the transfers at issue went from defendant Nsite to defendant CCSEA. The plaintiff contends, however, that the funds that were transferred by Nsite were funds of the Debtor that were collected by Nsite. The Fourth Claim seeks to recover $1,243,300 that was

transferred from Nsite to CCSEA within one year prior to Debtor's chapter 11 filing. The Sixth Claim involves the post-petition transfer of $646,500 from Nsite to CCSEA.

1. Fourth Claim for Relief

The plaintiff contends that the transfers involved in the Fourth Claim should be avoided as fraudulent transfers pursuant to section 548(a)(1)(A) of the Bankruptcy Code. Under Section 548(a), the Trustee is given the power to avoid fraudulent transfers which have "the effect of improperly placing assets beyond the reach of creditors." 5 Collier on Bankruptcy ¶ 548.01 (15th ed. rev. 2008). Section 548(a)(1)(A) provides:

> The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
>
> (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted …

11 U.S.C. § 548(a)(1)(A).[1] In order to avoid a transfer

---

[1] The Debtor's bankruptcy petition was filed 1/24/05, prior to both the enactment (4/20/05) and effective date (10/17/05) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). BAPCPA amended Section 548(a)(1) to allow a trustee to avoid fraudulent transfers occurring within two years before the filing of the petition. Although this adversary proceeding was

- 4 -

pursuant to section 548(a)(1)(A), a trustee must show (1) a transfer of Debtor's property (2) made one year prior to filing (3) with actual intent to hinder, delay or defraud a creditor. While it is undisputed that the transfers at issue occurred with one year prior to filing, the defendants deny that the transfers involved property of the Debtor or that the transfers were made with intent to hinder, delay or defraud a creditor and assert that there are material issues of fact as to both of these requirements.

The plaintiff's theory is that the funds that were transferred by Nsite were lease payments made by lessees under equipment leases owned by the Debtor which were collected by Nsite pursuant to a management agreement between the Debtor and Nsite. According to the plaintiff, the management agreement did not transfer an ownership interest to Nsite and the funds collected by Nsite remained the property of the Debtor. While there is evidence in the record which supports this contention, when the record is viewed as a whole, it cannot be said that the only conclusion that could reasonably be drawn from the record is that the funds transferred by Nsite were property of the Debtor. The record includes an affidavit from Mr. McDaniel that contradicts

---

filed 1/18/07, well after BAPCPA was enacted, the one year lookback period of the prior code applies because the underlying case was filed prior to BAPCPA. See In re Scheu, 356 B.R. 751, 751 (Bankr. D. Idaho 2006) (holding that pre-BAPCPA law applied in case where underlying case was filed pre-BAPCPA and the adversary proceeding sub judice was filed post-BAPCPA); see also In re Kilroy, 354 B.R. 476, 498 (Bankr. S.D. Tex. 2006).

plaintiff's evidence that the funds transferred by Nsite belonged to the Debtor. This contradiction means that there is a material issue of fact as to whether the funds that were transferred from Nsite to CCSEA during the year preceding the filing of the petition were funds that belonged to the Debtor. The same is true as to whether the transfers at issue were made with intent to hinder, delay or defraud a creditor. The plaintiff relies upon circumstantial evidence as establishing such intent. When such evidence and inferences to be drawn therefrom are construed in the light most favorable to the defendants, there is a material issue as to whether the transfers relied upon by the plaintiff were made with an intent to hinder, delay or defraud creditors. In evaluating a motion for summary judgment, a court "must consider whether a reasonable jury could find in favor of the non-moving party, taking all inferences to be drawn from the underlying facts in the light most favorable to the non-movant." In re French, 499 F.3d 345, 352 (4th Cir. 2007). From the record now before the court, a jury could reasonably find in favor of the defendants on whether there was an intent to hinder, delay or defraud. It follows that the plaintiff is not entitled to summary judgment with respect to the Fourth Claim for Relief.

    2. Sixth Claim for Relief

In the Sixth Claim for relief, the plaintiff alleges that the transfer of a total of $646,500 from Nsite to CCSEA should be

avoided pursuant to section 549 of the Bankruptcy Code. Section 549 allows the Trustee to avoid transfers of property of the bankruptcy estate that occur after the commencement of the case and that were not authorized under the Bankruptcy Code or by the court. One of the requirements for a claim under section 549 is that the transfer involve property of the estate. See In re Merry-Go-Round Enterprises, Inc., 400 F.3d 219, 224 (4th Cir. 2005)(the elements required under section 549 are "(1) a transfer, (2) of property of the estate, (3) made after commencement of the case, and (4) that is not authorized under the Bankruptcy Code or by the bankruptcy court"). As was the case with the pre-petition transfers by Nsite, there is an issue of fact as to whether the post-petition transfers from Nsite to CCSEA involved funds that belonged to the Debtor. It follows that the plaintiff is not entitled to summary judgment as to the Sixth Claim for Relief and that plaintiff's motion for partial summary judgment should be denied. An order so providing is being entered contemporaneously with the filing of this memorandum opinion.

This 15th day of January, 2009.

*William L. Stocks*
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST

Bradley E. Pearce, Esq.
401 S. Tryon Street, Suite 2600
Charlotte, NC 28202-1935

Charles M. Ivey, III, Esq.
Edwin R. Gatton, Esq.
P.O. Box 3324
Greensboro, NC 27402